Rafael RAMOS et al., Plaintiffs,

v.

DAVIS & GECK et al., Defendants.

No. 94–2737 (HL).

United States District Court,
D. Puerto Rico.

Aug. 20, 1997.

Herbert W. Brown, III, Brown & Ubarri, San Juan, PR, for plaintiffs.

Pedro Pumarada–Surillo, Pedro J. Manzano–Yates, Fiddler, Gonzales & Rodriguez, San Juan, PR, for defendants.

## ORDER

LAFFITTE, District Judge.

Plaintiffs move for reconsideration of the Court's award of attorney's fees under Puerto Rico's Law 100. On June 20, 1997, the Court carefully considered Plaintiffs' attorney's fees request in light of the existing state of the law in Puerto Rico regarding the recovery of reasonable attorney's fees under Law 100. At the time that the Court issued its decision, there was no Supreme Court of Puerto Rico case which explained how to weigh a request for attorney's fees under this statute. The Court, therefore, adopted the Supreme Court of the United States' methodology in *Hensley v. Eckerhart*, 461 U.S. 424, 432–37, 103 S.Ct. 1933, 1939–41, 76 L.Ed.2d 40 (1983) and awarded Plaintiffs $37,695.00. *Ramos v. Davis & Geck, Inc.*, 968 F.Supp. 765 (D.P.R.1997).

Six days after the Court issued its ruling and outlined a definitive approach for the recovery of attorney's fees under Law 100, the Supreme Court of Puerto Rico issued a new decision which explained the methodology for recovering fees under Law 100 for the first time. *See Lopez Vicil v. ITT Intermedia. Inc.*, 97 J.T.S. 104 at 1250 (June 26, 1997). Neither Plaintiffs nor Defendants raise the issue of whether this decision should alter the Court's award of attorney's fees. Instead, Plaintiffs submit that their time records were contemporaneous with the work that they performed, there was a clerical error in the award which should state $35,795.00 instead of $36,695.00, they were requesting $303,360.00 not $224,314.00 in attorney's fees, and there is no support for the conclusion that many of their expenses were duplicative, excessive, and unnecessary.

Before entertaining Plaintiffs' argument for reconsideration, the Court must review Plaintiffs' attorney's fees request in light of the new Supreme Court of Puerto Rico decision. This decision creates an objective methodology for awarding reasonable attorney's fees to the victorious employee under Law 100. After surveying how federal courts determine attorney's fees pursuant to fee-shifting statutes, the Supreme Court held that, ordinarily, the attorney(s) for a victorious employee under Law 100 are entitled to recover 25% of the employee's "base" compensatory damages. *Lopez Vicil* 97 J.T.S. 104 at 1254. In other words, the reward is 25% of the compensatory damages award

before the award is doubled. Id. The Supreme Court arrived at this 25% figure after comparing Law 100 with Law 80's protection against unjustified dismissals. The Court reasoned that Law 100 discrimination cases are more costly and complicated than Law 80 actions, require more evidence which tends to be in the hands of the employer, and attract attorney's with less resources than the employer's attorney. Consequently, the Court concluded that a 25% recovery would equilibrate the employee's economic disadvantage in the litigation.

In a few, limited circumstances, the victorious employee's attorney(s) may recover more than 25% of the compensatory damages amount before doubling. These circumstances include cases when the employee's lawyer must work unusually hard to win the case, the impact of the case is exceptional, or the attorney confronts a "Stalingrad Defense." Before the attorney(s), however, can recover more than 25%, the attorney(s) must submit a sworn affidavit detailing the hours that she/he/they have worked and the reasonable hourly rate that she/he/they were charging. The victorious employee's attorney(s) have the burden of demonstrating that the hours that they worked and their hourly rates were reasonable. As a result, the affidavit must specify the tasks that they performed and the time that they spent on each specific task. Furthermore, the attorney(s) must explain how they arrived at the particular hourly rate that they were charging based upon their experience, their preparation, and the traditional hourly rate that they charge in Law 100 or labor law cases. Id. at 1254.

Of course, in determining whether an increase above the 25% of the base amount of compensatory damages before doubling is warranted, the Court shall eliminate all excessive and duplicative hours. Based on its experience and knowledge of litigation, the Court shall judge whether the attorney(s) spent a reasonable period of time on the tasks described in the affidavit. The novelty or difficulty of the legal issues may signal to the Court that the attorney(s) had to spend

justifiably more time on particular matters. Similarly, a "Stalingrad Defense" may prove costly in the end to the employer by requiring the victorious employee's attorney(s) to battle every step of the way. Regardless of whether the Court accepts the amount of fees above 25% as stated or modifies the amount accordingly, the Court must provide written reasons for its decision. Id. at 1255.

The starting point, therefore, in reconsidering the Court's award of attorney's fees is twenty-five percent of co-Plaintiff Rafael Ramos' compensatory damages before doubling under Law 100 (25% × $150,000.00) i.e. $37,500.00. This figure is remarkably similar to the Court's award of $36,695.00.[1] Plaintiffs, however, are requesting a lot more than this amount. They are asking for $303,360.00 based on their claim that they worked unusually hard to win their case. For the reasons explained by the Court in the June 20, 1997 Opinion and Order, however, Plaintiffs have not persuaded the Court to increase the award above the 25% mark.

All of these reasons, in fact, parallel the analysis that the Supreme Court of Puerto Rico adopted for awarding attorney's fees above 25%. The Court continues to find that Plaintiffs violated the *Grendel's Den* rule by not submitting contemporary time sheets of the hours that they worked on this case since 1992. *Grendel's Den, Inc. v. Larkin,* 749 F.2d 945, 950 (1st Cir.1984). Simply filing an affidavit and stating that the hours claimed are contemporary is unsatisfactory and defeats the principal purpose of the rule. Moreover, the Court continues to find that Plaintiffs provided ambiguous references to the type of work that their counsel performed throughout the case and, therefore, left the Court guessing as to the purpose of their counselors' work and its relationship with the litigation. Because Plaintiffs have the burden of establishing a reasonable claim for fees above 25%, Plaintiffs' vague statements regarding their counselors' work is a key obstacle to their request. Furthermore, the Court conducted an independent review of Plaintiffs' fee request and found that there were many duplicative, excessive, and unnec-

---

1. In the June 20, 1997 Opinion and Order, the Court granted Plaintiffs $37,695.00. Upon fur-

ther review, the Court finds that the actual award was $36,695.00.

essary expenses listed. Plaintiffs' argument in their motion for reconsideration is simply a conclusory denial of the Court's findings without any specific reference to the Record. Plaintiffs have said nothing to alter the Court's opinion in this regard. Finally, the Court continues to find that Plaintiffs have requested fees of both of their counsel when only one of their attorneys was performing substantially all of the work.

With the Supreme Court of Puerto Rico's June 26, 1997 *Lopez Vicil* decision in mind, the Court hereby **denies** Plaintiffs' motion for reconsideration. Ironically, an analysis of Plaintiffs' attorney's fees request pursuant to Law 100 demonstrates that the reward must be reduced to 25% of Rafael Ramos' compensatory damages reward before doubling. Based upon Plaintiffs' failure to include contemporary records, the vague references in their request, the duplicative and excessive hours claimed, and the duplication of similar work by both attorneys for Plaintiffs, the Court shall not increase Plaintiffs' attorney's fees award above the 25% figure. The Court, therefore, hereby reduces Plaintiffs' award to $37,500.00.

**IT IS SO ORDERED.**